IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONY ANDERSON                                                                                    PETITIONER

v.                                    Case No. 6:19-cv-06098 SOH-BAB

DEXTER PAYNE, Director,                                                                            RESPONDENT
Arkansas Division of Correction

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Anthony Anderson ("Anderson"), an inmate in the Arkansas Department of Correction ("ADC") North Central Unit, filed a Petition for Writ of a *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on August 19, 2019.  ECF No. 1.  On December 11, 2019, Anderson filed a Supplement to the Petition.  ECF No. 14.  Director Dexter Payne ("Respondent"), filed a Response on December 27, 2019, arguing the Petition should be dismissed.  ECF No. 16.  On January 16, 2020, Anderson filed an "Objections and Statement of Disputed Facts" in response to Respondent's Response.  ECF No. 19.  The Court construes this pleading as a Reply.  The matter is ready for a Report and Recommendation.

### I.  BACKGROUND

On June 28, 2001, Anderson pleaded *nolo contendere* in the Clark County Circuit Court to Stalking and was sentenced to sixteen (16) years imprisonment in the ADC.  ECF No. 16-2.  The record shows Anderson has been paroled from the custody of the ADC multiple times including August 16, 2012, December 8, 2015, and March 29, 2017.  ECF No. 16-4, pp. 1, 4, 8.  Prior to each release, Anderson was provided and signed conditions of parole requiring him to: 1) report to his supervising parole officer and cooperate as instructed; 2) provide notice of any changes in

his residency; 3) avoid excessive use of alcohol; and 4) not violate any federal or state laws. ECF No. 16-4.

On April 18, 2019, a petition to revoke Anderson's parole was filed alleging on February 5, 2019 he failed to report and cooperate with his parole officer, on February 11, 2019 he changed his place of residence from a Transitional Living Facility without permission from a supervising officer, and on or about April 12, 2019, he excessively used alcohol and committed the offenses of Terroristic Threatening in the Second Degree, Disorderly Conduct, Resisting Arrest, and Public Intoxication. ECF No. 16-5, p. 5. On April 23, 2019, Anderson, while in custody in Clark County, Arkansas, was provided written notice the ADC was seeking to revoke his parole based on these alleged violations, and a revocation hearing was scheduled to be held before the Arkansas Parole Board on May 7, 2019. ECF No. 16-5, p. 7.

Anderson was given notice of the conditions of parole allegedly violated and the date, time, and location of the hearing on April 30, 2019. ECF NO. 16-6. That same day, Anderson filed a motion to continue his hearing based on unavailable witnesses and requested he be appointed counsel. ECF No. 16-5, pp. 8-10. In this motion Anderson acknowledged he had obtained a high-school education and he could read and write, but argued he was still entitled to counsel and the charges concerning his violation of parole were false. *Id.* at p. 10. Plaintiff's motion to continue the hearing and obtain counsel was denied. ECF No. 1, p. 5.

At the hearing held on May 7, 2019, Anderson challenged the allegations concerning failure to report and cooperate with his parole officer, terroristic threatening, disorderly conduct, resisting arrest and public intoxication. However, he pleaded guilty to violating the condition requiring him to abstain from the use of alcohol. ECF No. 16-6, p. 2. A Clark County police

officer testified during the hearing that on April 12, 2019, Anderson resisted arrest and threatened to "F---him in the mouth" and in addition Anderson stated "[h]e'd been to jail and knew how to "F---him in the butthole." *Id.* at p. 2. Anderson proceeded at the hearing *pro se* conducting cross-examination and calling multiple witnesses. The hearing judge determined there was sufficient evidence Anderson committed all the violations alleged in the petition and sentenced him to six months in the ADC. *Id.* at pp. 1, 3-4.

Anderson was advised of his right to appeal the hearing judge's decision to the Arkansas Parole Board. ECF No. 16-7. Anderson appealed, and on May 9 and May 24, 2019, he mailed two letters to the Arkansas Parole Board in support of his appeal arguing he was never arraigned in court for the alleged offenses committed on April 12, 2019, he was entitled to counsel at the parole revocation hearing, and his parole officer failed to provide him with required documentation at the hearing. ECF No. 16-8, pp. 1-7. On May 30, 2019, the Arkansas Parole Board affirmed the hearing judge's decision. *Id.*

## II.  THE INSTANT PETITION

On August 19, 2019, Anderson filed the instant Petition alleging four grounds for *habeas* relief. First, Anderson states, "The Treaties was violated by a public official, and laws". ECF No. 1, p. 4. He goes on to explain, "On July 17, 2018 I agreed to do 7 days in jail for absconding, when I was in 10 days, parole officer issued another absconding charge on July 26, 2018. I was released on July 27, 2018. From July 17-July 24, 2018 is 7 days." *Id.* Second, Anderson argues he was denied "my right to have counsel" at the parole revocation hearing held "on May 16, 2019".[1] *Id.* at p. 5. He goes on to state "parole officer failed to produce the proper paper work

---

[1] The record reflects the hearing was held on May 7, 2019.

for said charges, Therefore I motioned the court to dismiss said charges, and said Judge denied my motion. Then I requests counsel and was denied due to my education level." *Id.* Third, Anderson states "My constitutional rights being violated." He goes on to explain, "When parole officer failed to comply with my due process of law by keeping me in jailed beyond an agreement, and not prosecuting me in court of law in a timely manner. When the hearing Judge denied me the right to counsel." *Id.* at pp. 6-7. For his fourth ground, Anderson claims, "I was falsely accused of criminal activity, and not prosecuted, and/or convicted in court of law." *Id.* at p. 8. Anderson explains "on April 12, 2019 parole officer or Clark County police Dept. filed 4 Mid. Criminal charges on me which I was never arrained in court of law, And I was confined to imprisonment for said crimes." *Id.* He is seeking the following relief: "Reinstate parole and compensated for the loss of my liberty." *Id.* pg. 11.

Respondent argues the Petition should be dismissed because Anderson's claims are procedurally defaulted, there is no excuse for the procedural default, and alternatively Anderson's claims for relief fail on the merits. ECF No. 16. In his Reply Anderson states he "disputes [the Response] in its entirety" reiterating his claims for *habeas* relief. ECF No. 19. He argues he did not fail to raise or seek available state judicial review and, construing his pleading liberally, he argues any default should be excused because he was denied counsel and "petitioner was not capable of speaking effectively for himself at the [parole revocation] hearing". *Id.* at p. 3.

### III. DISCUSSION

Based on the record, the Court finds it is not necessary to conduct an evidentiary hearing in order to rule on Anderson's Petition. "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a

4

constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir. 1984).

Before seeking federal *habeas* review, a state prisoner must exhaust available state remedies, giving the state the opportunity to correct alleged violations of a prisoner's federal rights, "which means he must 'fairly present' his claim in each appropriate state court to alert that court to the claims' federal nature." *Baldwin v. Reese,* 541 U.S. 27, 29 (2004); 28 U.S. C. § 2254 (b) and (c) (requiring state prisoner seeking federal *habeas* relief to exhaust all remedies available in the state courts). When a *habeas* petitioner fails to raise his federal claims in state court, he deprives the state of "an opportunity to address those claims in the first instance" and frustrates the state's ability to honor his constitutional rights. *Cone v. Bell,* 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson,* 501 U.S. 722, 732 (1991)). Therefore, when a *habeas* petitioner defaults his federal claims by failing to raise them in state court in compliance with the relevant state procedural rules, federal *habeas* review is barred unless the petitioner can demonstrate "cause" for the default and "actual prejudice" as a result of the alleged violation of federal law, or alternatively, demonstrate that failure to consider his claims will result in a fundamental miscarriage of justice. *Id.*; *Coleman v. Thompson,* 501 U.S. at 750.

### A. Anderson's Claims Are Procedurally Defaulted

The record shows following his parole revocation hearing held on May 7, 2019, Anderson, acting *pro se,* filed an appeal to the Arkansas Parole Board. On May 30, 2019, the Arkansas Parole Board affirmed the hearing judge's decision. Anderson did not seek any state judicial review of the Parole Board's decision.[2]

---

[2] Anderson did file a complaint alleging a violation of his civil rights under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of Arkansas on June 24, 2019. The case was transferred to the Western

Parole revocation decisions by the Arkansas Parole Board are administrative decisions governed by the Arkansas Administrative Procedure Act ("APA"), codified at A.C.A. § 25-15-201, *et seq.  See Hickman v. Arkansas Board of Pardons and Paroles,* 361 F. Supp. 864, 868 (E.D. Ark. 1973); *Clinton v. Bonds,* 306 Ark. 554, 816 S.W.2d 169 (1991) (an inmate who asserts a credible constitutional claim is entitled to judicial review under the APA).  In order to fully develop the factual basis for his constitutional claims in state court, Anderson was required to appeal the decision of the Arkansas Parole Board by filing a petition in an appropriate Arkansas circuit court within 30 days of the service upon him of the Arkansas Parole Board's final decision.  A.C.A. § 25-15-212(b)(1).  He failed to do so.  By failing to appeal the decision of the Arkansas Parole Board, Anderson failed to develop the factual basis for his claims in state court proceedings as required by 28 U.S.C. § 2254(e)(2), and his claims are procedurally barred.

B.  **Procedural Default Not Excused**

Anderson argues in his Reply any default should be excused because he was denied counsel and was unable to "speak effectively" for himself at the parole revocation hearing.  The Court finds based on the record, the procedural bar of Anderson's claims is not excused by any cause for the default and actual prejudice, nor will the failure to consider his claims result in a fundamental miscarriage of justice.  *See Coleman,* 501 U.S. at 750.  Instead, the record confirms Anderson's failure to appeal the decision of the Arkansas Parole Board to a state circuit court does not arise from his efforts being thwarted by the conduct of another, or some other external impediment, but from his own inaction.

---

District and the complaint was dismissed on July 29, 2019.  *Anderson v. Moody,* No. 6:19-cv-6074-SOH (W.D. Ark.).

Although Anderson mentions his education level and states his knowledge of the law is very limited, an inmate's ignorance of applicable law will not serve to excuse his failure to fully develop his claims in state court. *See Stanley v. Lockhart,* 941 F.2d 707, 710 (8th Cir. 1991) (*pro se* status and limited education background do not constitute sufficient cause to excuse a procedural default) (internal citations omitted). Anderson proceeded *pro se* at the parole revocation hearing, testified on his own behalf, and cross-examined witnesses. In addition, the record shows the factual and legal bases for Anderson's claims were well known to him at the time of his parole revocation hearing and his appeal to the Arkansas Parole Board. Anderson's appeal to the Arkansas Parole Board raised many of the same claims he now asserts in this action. Anderson has not alleged his claims rely on facts that could not have been previously discovered through the exercise of due diligence. Because no cause has been established for Anderson's procedural default, it is unnecessary to consider whether he has demonstrated prejudice. *Abdullah v. Groose,* 75 F.3d 408, 413 (8th Cir. 1996) (*enbanc*); *McCleskey v. Zant,* 499 U.S. 467, 502 (1991).

Anderson has not demonstrated adequate cause for his failure to exhaust his available state court remedies, nor has he alleged or shown actual innocence to support a fundamental miscarriage of justice argument. Accordingly, Anderson's claims are inexcusably procedurally defaulted, and the Court is barred from considering them.[3]

### IV. CONCLUSION AND RECOMMENDATION

For the reasons set forth above, Anderson's claims for *habeas* relief are procedurally defaulted. Accordingly, it is recommended the Petition be **DISMISSED with PREJUDICE**. Furthermore, I recommend no Certificate of Appealability issue in this matter as Anderson has not

---

[3] Because the Court finds Anderson's claims are procedurally defaulted, it is not necessary to address the merits of his claims.

made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)(A)-(2); Rule 11, Rules Governing § 2254 cases in the United States District Courts.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **26th day of February 2020.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE