IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANTHONY ANDERSON                                                PETITIONER

v.                              Case No. 6:19-cv-6098

DEXTER PAYNE, Director,
Arkansas Division of Correction                            RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed February 26, 2020, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 23). Petitioner Anthony Anderson filed objections. (ECF No. 24). The Court finds the matter ripe for consideration.

### I. BACKGROUND

On June 28, 2001, Petitioner was sentenced to sixteen years' imprisonment in the Arkansas Department of Correction ("ADC"). On March 29, 2017, Petitioner was released from ADC custody on parole and signed conditions of parole which required him to, in relevant part, report to his parole officer, provide notice of any change of residency, avoid excessive use of alcohol, and refrain from violating any federal or state laws.

On April 18, 2019, a petition to revoke Petitioner's parole was filed, alleging that he committed several violations of the terms of his parole. Petitioner asked for a continuance of the hearing and appointment of counsel for the hearing, which the hearing judge apparently denied.[1] On May 7, 2019, Petitioner appeared at the hearing and represented himself. Petitioner offered evidence and examined witnesses at the hearing. At the conclusion of the hearing, the hearing

---
[1] The record does not contain an order from the hearing judge on Petitioner's motion, but the revocation hearing was held on the day it was originally scheduled for.

judge found that Petitioner committed four parole violations and sentenced him to six months' incarceration in the ADC. Petitioner appealed this decision to the Arkansas Parole Board. On May 30, 2019, the Arkansas Parole Board affirmed the hearing judge's decision. Petitioner did not file any further appeal with any Arkansas state court.

On August 19, 2019, Petitioner filed the instant petition, seeking a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. Petitioner states four grounds for *habeas* relief: (1) "[t]he Treaties was violated by a public official, and laws;" (2) he was denied counsel at his revocation hearing; (3) his due process rights were violated by the hearing judge; and (4) he was accused of parole violations for which he was never prosecuted or convicted. Respondent argues that Petitioner's claims are procedurally defaulted because they were never properly presented in state court prior to filing the instant petition.

On February 26, 2020, Judge Bryant issued the instant Report and Recommendation, finding that the record shows that Petitioner failed to exhaust his available state remedies before bringing this federal *habeas* action and failed to show cause for this failing. Thus, Judge Bryant concludes that Petitioner's claims are procedurally defaulted. Consequently, Judge Bryant recommends that the Court deny and dismiss the instant petition. Judge Bryant also finds that no hearing is necessary and that no certificate of appealability should issue. Petitioner objects.

## II. DISCUSSION

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). Moreover,

2

non-specific objections may require "full *de novo* review" if the record is concise. *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994) (requiring *de novo* review when the record was "strikingly brief" and magistrate judge did not conduct a hearing). A "clearly erroneous" standard of review applies to the portions of a report and recommendation to which no objections have been made. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

Petitioner's objections are largely unresponsive to the Report and Recommendation. He suggests that Judge Bryant did not have accurate knowledge of the circumstances of this case and seems to point the Court to an "objections and statement of disputed facts" that Petitioner filed in reply to Respondent's response to the *habeas* petition at issue. Petitioner's objections to the instant Report and Recommendation also make several conclusory assertions, for example, that he has shown a violation and denial of his clearly established constitutional liberty interests and that this caused his procedural fault.

To begin, Petitioner's objections are insufficient. "Simply restating arguments and facts already presented to the Magistrate Judge does not constitute a viable objection to a report and recommendation." *Munt v. Larson*, No. 15-CV-0582 SRN/SER, 2015 WL 5673108, at *7 (D. Minn. Sept. 23, 2015). Petitioner's arguments originate from a document he filed after Respondent responded to Petitioner's *habeas* petition. Judge Bryant stated in the Report and Recommendation that he construed Petitioner's filing as a reply in further support of the *habeas* petition. Directing the Court to a document containing arguments that Judge Bryant considered is not a valid objection.

However, even if it was, the Court finds that Petitioner offers no error of fact or law that would cause the Court to deviate from the Report and Recommendation. As Judge Bryant stated, *habeas* relief is available after a petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, before seeking federal *habeas* relief, a state prisoner

"must 'fairly present' his claim in each appropriate state court to alert that court to the claims' federal nature." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2244(b-c). In other words, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Claims in a federal *habeas* petition that were not presented in state court and for which there is no remaining state court remedy are procedurally defaulted. *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006). When a claim is defaulted, a federal court will consider it only if the petitioner can establish: (1) cause for the default and actual prejudice or (2) that the default will result in a fundamental miscarriage of justice.[2] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Cause for a procedural default is established when "some objective factor external to the defense impede[s] . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). If no cause is shown for the default, the Court need not address the prejudice element. *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).

Petitioner was required to appeal the Arkansas Parole Board's decision within thirty days of the decision by filing a petition with an appropriate Arkansas state circuit court. Ark. Code Ann. § 25-15-212(b)(1). Petitioner admits that he did not do so. Thus, Judge Bryant found that Petitioner's claims were procedurally defaulted and that no cause had been shown to excuse the default. In his objections, Petitioner argues that he showed cause because the procedural default was the result of his lack of legal training, as he believed that no further action was needed after he appealed his parole revocation to the Arkansas Parole Board. Petitioner also suggests that his

---

[2] In order to demonstrate a fundamental miscarriage of justice, the petitioner must show his actual innocence of the charges. *Sawyer v. Whitely*, 505 U.S. 333, 339 (1992). Although he argues that a fundamental miscarriage of justice would occur without *habeas* relief, Petitioner has not offered any evidence of actual innocence.

4

confusion was compounded by the fact that he requested and was denied appointment of counsel in the leadup to his parole revocation hearing.

The Court agrees with Judge Bryant that these reasons are insufficient to show cause for Petitioner's procedural default. A party's *pro se* status, limited educational background, and unfamiliarity with legal arguments and procedures do not excuse a procedural default. *Stanley v. Lockhart*, 941 F.2d 707, 710 (8th Cir. 1991). Thus, Petitioner's unfamiliarity with the exhaustion procedure and any failure to appoint an attorney to represent him in his revocation proceeding does not excuse his failure to subsequently appeal the adverse parole revocation decision through the state courts before filing this federal lawsuit. *Id.*

The Court agrees that Petitioner has not demonstrated cause for his failure to exhaust his state court remedies, nor has he shown actual innocence to support an argument of a fundamental miscarriage of justice. Accordingly, Petitioner's claims are inexcusably procedurally defaulted, and the Court is barred from considering them. Petitioner's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 must be denied and dismissed.[3]

### III.  CONCLUSION

Upon *de novo* review and for the reasons discussed above, the Court overrules Petitioner's objections and adopts the Report and Recommendation (23) *in toto*. Petitioner's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 is hereby **DENIED AND DISMISSED WITH PREJUDICE**. No certificate of appealability shall issue.

**IT IS SO ORDERED**, this 17th day of March, 2020.

/s/ Susan O. Hickey  
Susan O. Hickey  
Chief United States District Judge

---

[3] Judge Bryant also recommended that no certificate of appealability should issue in this matter because Petitioner did not make a substantial showing of the denial of a constitutional right. Petitioner does not object to this recommendation, so the Court agrees with Judge Bryant that no certificate of appealability should issue.